**Joseph HUTCHINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–94–144–CR.**

Court of Appeals of Texas, Austin.

Nov. 2, 1994.

Discretionary Review Refused Feb. 22, 1995.

Karyl Krug, David A. Schulman; Schulman & Krug, Austin, for appellant.

Ronald Earle, Dist. Atty., Lisa Dotin Stewart, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

Pursuant to a plea bargain agreement, appellant pleaded guilty and judicially confessed to the offense of murder. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02, 1973 Tex.Gen.Laws 883, 913, *amended by* Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex.Gen.Laws 1122, 1123 (Tex.Penal Code Ann. § 19.02, since amended). In accord with the agreement, the district court assessed punishment at imprisonment for fifty years.

Appellant entered his plea on November 19, 1993. Sentence was imposed the same day. Also filed on that date was a written waiver of appeal "after sentence has been imposed" signed by appellant and his attorneys and approved by the district court. On December 15, appellant filed a motion for new trial contending that his guilty plea was not knowing and voluntary. On December 22, a hearing on the motion for new trial was set for January 18, 1994. No hearing on the motion was ever held.

On January 17, 1994, appellant filed a pro se motion to withdraw his guilty plea and a pro se petition for writ of habeas corpus. In both, appellant complained of ineffective assistance of trial counsel. At a hearing held February 4, the district court permitted trial counsel to withdraw from the cause and appointed Karyl Krug as substitute counsel.

THE COURT: All right. Mr. Hutchins, we've been out here trying to talk about your predicament and one of your allegations is ineffective assistance of counsel.

THE DEFENDANT: Yes, sir.

THE COURT: And the attorneys sort of agree that they have no business arguing any motion if you feel they're ineffective and the Court is going to appoint you someone to handle this. Okay?

THE DEFENDANT: Yes, sir. Okay.

THE COURT: We'll do that right now. I need you to sign this affidavit that you're indigent. And if you'll do that I'll appoint an attorney to represent you.

The Court is going to appoint somebody that's had experience and in fact has worked in the Court of Criminal Appeals, knows how to brief and knows their way

around the Court of Criminal Appeals, and her name is Carolyn [sic] Krug.

. . . . .

THE COURT: Some of them never try cases. Some of them try cases and never do appeals and it's very, very hard to find experienced appeal lawyers that tend to write and I've been assured that this lady has, having been with the Court of Criminal Appeals and knows all about it.

On February 17, appellant's new attorney filed notice of appeal and a written withdrawal of waiver of appeal signed by appellant.

We asked counsel to brief the question whether, under the circumstances, appellant is bound by his waiver of appeal. Appellant's first point of error asserts that appellant is not bound by the waiver for reasons that we need not detail in this opinion. Appellant's second point of error urges that he was denied a hearing on his motion for new trial because of ineffective assistance of counsel. Point of error three contends that the district court abused its discretion by failing to conduct a hearing on the motion for new trial. The State has filed a brief responding to each of appellant's points of error. In addition, the State has filed a motion and amended motion to dismiss the appeal for want of jurisdiction. The motions are based on Rule 40(b)(1) of the Texas Rules of Appellate Procedure, as interpreted by the Court of Criminal Appeals. *Lyon v. State*, 872 S.W.2d 732 (Tex.Crim.App.1994); *Davis v. State*, 870 S.W.2d 43 (Tex.Crim.App.1994).

Rule 40(b)(1) contains a provision, commonly referred to as the "but" clause, governing appeals following bargained guilty pleas in felony cases. In *Davis,* the court interpreted the clause in this manner:

> The relevant portions of Rule 40(b)(1) should be read as follows:
>
> " .... in order to prosecute an appeal for a (1) nonjurisdictional defect [occurring before or after the plea], or (2) error that occurred prior to entry of the plea, the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial...."

870 S.W.2d at 46. The court explained the consequences of this interpretation in *Lyon:*

> [W]e hold Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. A defendant's "general" notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea; a defendant's notice of appeal has to comply with the applicable provisions of the "but" clause of Rule 40(b)(1) to confer jurisdiction on a Court of Appeals to address these types of defects or errors. A "general" notice of appeal confers jurisdiction on a Court of Appeals to address only jurisdictional issues.

872 S.W.2d at 736 (citations omitted).

 We understand *Davis* and *Lyon* to mean that if a defendant in a felony case pleads guilty or no contest pursuant to a plea bargain agreement and punishment is assessed in accord with that agreement, the defendant must obtain the trial court's permission to appeal any matter except: (1) rulings on written pretrial motions (also referred to in Rule 40(b)(1) as "error[s] that occurred prior to entry of the plea") and (2) jurisdictional issues. *See Rhem v. State,* 873 S.W.2d 383, 384 n. 2 (Tex.Crim.App.1994) (statement in *Lyon* that defendant must have trial court's permission to appeal "any matter" except rulings on pretrial motions does not include jurisdictional defects or errors). Moreover, in order for such a defendant to appeal any matter except a jurisdictional issue, the notice of appeal must state either that the trial court granted permission to appeal or that the appeal concerns a matter raised by written motion and ruled on before trial. Finally, *Davis* and *Lyon* hold that the "but" clause of Rule 40(b)(1) is jurisdictional. A court of appeals has jurisdiction to consider only jurisdictional issues if the prerequisites of the clause are not satisfied. *See Fowler v. State,* 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, pet. ref'd) (in case governed by "but" clause of Rule 40(b)(1), "general" notice of appeal sufficient to confer

jurisdiction to address jurisdictional issues); *but see Rhem*, 873 S.W.2d at 385 (affirming conviction instead of dismissing appeal when Rule 40(b)(1) prerequisites not met).

Appellant's notice of appeal states:

> Pursuant to Tex.R.App.P. 40(b)(1), the judgment of conviction in this case was rendered upon Defendant's plea of guilty or nolo contendere pursuant to Article 1.15, V.A.C.C.P., and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney. The trial court has granted Defendant permission to appeal. Alternatively, the matters upon which appeal is being prosecuted were raised by written motion and ruled on before trial.

This notice contains the recitals required by Rule 40(b)(1). But these recitals must be true in order to confer jurisdiction to consider nonjurisdictional issues. The State contends, and we agree, that the record before us contradicts the recitals in appellant's notice of appeal.

Contrary to what is stated in his notice of appeal, appellant does not bring forward a point of error complaining of a ruling on a pretrial motion. Moreover, attached to the State's amended motion to dismiss is an affidavit from the district court stating:

> On February 4, 1994, I appointed Karyl Krug to represent Joseph Hutchins and determine how to handle his ineffective assistance of counsel claim against his trial attorneys alleged in his *pro se* application for writ of habeas corpus and/or his motion for new trial. I have no recollection of granting Karyl Krug permission to appeal any matters under Rule 40(b)(1).... Karyl Krug never requested permission to appeal from me, and I therefore have no memory of granting permission to either Karyl Krug or Joseph Hutchins to appeal any issues in this cause.

*See* Tex.R.App.P. 19(d). Appellant contends in his response to the State's motion to dismiss that the district court implicitly granted permission to appeal by appointing substitute counsel on February 4. Appellant argues that "[a]s it was too late for the trial court to consider a motion for new trial, the only valid purpose for appointing counsel would be to prosecute an appeal." "[G]iven that the issues raised in the instant appeal are precisely those of which the Court was aware that Appellant was concerned," adds appellant, "the only implication to be taken is that Appellant had the trial court's permission to appeal those issues." In an affidavit attached to appellant's response to the State's amended motion to dismiss, counsel states, "I did not contact the trial judge and request permission to appeal, since I understood that I had been appointed to do the appeal."

■ In *Lyon*, the Court of Criminal Appeals stated that the trial court's order granting the defendant's motion for a free statement of facts did not constitute an implied grant of permission to appeal. 872 S.W.2d at 736. In that case, the record also contained an order denying the defendant's request for permission to appeal. In this cause, we have before us the district court's affidavit stating that permission to appeal was not given. Further, we do not agree with appellant that the only conceivable purpose for appointing substitute counsel was to prosecute this appeal. It is reasonable to assume from the circumstances that the district court appointed counsel to represent appellant on his petition for habeas corpus relief, an assumption that is confirmed by the court's affidavit.[1] We hold that on this record, the February 4 order appointing substitute counsel to represent appellant did not constitute an implied grant of permission to appeal.

■ Appellant argues that he should not be required to obtain permission to appeal because the errors of which he complains occurred after he pleaded guilty. Appellant relies on a recent opinion stating that an unbargained plea of guilty cannot waive an

---

1. Appellant argues that counsel could not have been appointed to pursue habeas corpus relief because his conviction was not final. *See* Tex. Code Crim.Proc.Ann. art. 11.07, § 2 (West Supp. 1994). The conviction would have become final, however, two weeks after counsel was appointed if notice of appeal had not been given. Counsel filed the notice of appeal on the last day for doing so. *See* Tex.R.App.P. 41(b).

error or defect alleged to have occurred after the plea was made. *Jack v. State,* 871 S.W.2d 741 (Tex.Crim.App.1994) (applying rule announced in *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972)). *Jack* does not speak to this cause because it does not address the application of Rule 40(b)(1). Appellant also argues that it is contrary to judicial economy and public policy to dismiss this appeal, forcing him to litigate the claimed errors by means of post-conviction habeas corpus.[2] This is an argument that must be addressed to the Court of Criminal Appeals. We are bound to follow Rule 40(b)(1) as promulgated and interpreted by that court.

■ Appellant entered a bargained plea of guilty to a felony offense. The punishment assessed does not exceed that agreed to by appellant and his attorney. Contrary to the recitals in appellant's notice of appeal, the district court did not give appellant permission to appeal and appellant does not bring forward a point of error concerning a matter raised by written motion and ruled on before trial. Appellant's three points of error do not question the district court's jurisdiction over either the subject matter of this cause or appellant personally. *See Lyon,* 872 S.W.2d at 736. Under Rule 40(b)(1) as interpreted in *Davis* and *Lyon,* this Court does not have jurisdiction of this appeal.

The State's amended motion to dismiss for want of jurisdiction is granted and the original motion is dismissed. The appeal is dismissed.

---

**2.** *But see Jackson v. State,* 877 S.W.2d 768, 772 (Tex.Crim.App.1994) (Baird, J., concurring) (as a general rule, one should not raise issue of ineffective assistance of counsel on direct appeal).