TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00677-CR







Keith Fowler, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0934355, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM


 Pursuant to a plea bargain agreement, appellant pleaded guilty and judicially
confessed to the offense of burglary of a habitation. Penal Code, 63d Leg., R.S., ch. 399, sec.
1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02, since amended). The
district court adjudged appellant guilty and, in accord with the agreement, the district court
assessed punishment at imprisonment for thirteen years. 

 Appellant's court-appointed attorney filed a brief in which she concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. Appellant was granted several extension of time to file a pro se brief, but the last
extension has expired, no further extension of time has been requested, and no pro se brief has
been tendered.

 Appellant filed a "general" notice of appeal, that is, one that does not contain either
of the recitals called for in the "but" clause of rule 40(b)(1). Tex. R. App. P. 40(b)(1). As a
result, we have jurisdiction in this cause only to consider jurisdictional issues. Lyon v. State, 872
S.W.2d 732, 736 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App.
1994); Hutchins v. State, 887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet. ref'd); Fowler v.
State, 874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet. ref'd). Appellant's brief does not
question the jurisdiction of the district court over either the subject matter of this cause or
appellant personally. In light of the frivolous appeal brief, we have examined the record and find
no basis for questioning the district court's jurisdiction. Under the circumstances, we do not have
jurisdiction of this appeal. (1)

 The appeal is dismissed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Appeal Dismissed

Filed: March 8, 1995

Do Not Publish
1. Because we are dismissing this appeal for want of jurisdiction, the State's motion to
dismiss the appeal is dismissed.