TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00719-CR







Michael Jarrell Davis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,419, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING







PER CURIAM


 After accepting his guilty plea and judicial confession, the district court found
appellant guilty of aggravated sexual assault. Act of May 26, 1987, 70th Leg., R.S., ch. 573, §
1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, §
1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). Pursuant to a plea
bargain agreement, the court assessed punishment at imprisonment for fifteen years.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. No pro se brief has been filed.

 Appellant's notice of appeal does not preserve for review the district court's rulings
on appellant's pretrial motions and does not state that the court gave appellant permission to
appeal. (1) As a result, we have jurisdiction in this cause only to consider jurisdictional issues. 
Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46
(Tex. Crim. App. 1994); Hutchins v. State, 887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet.
ref'd); Fowler v. State, 874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet. ref'd); Tex. R. App.
P. 40(b)(1). Appellant's brief does not question the jurisdiction of the district court over either
the subject matter of this cause or appellant personally. In light of the frivolous appeal brief, we
have examined the record and find no basis for challenging the district court's jurisdiction. Under
the circumstances, we do not have jurisdiction of this appeal.

 The appeal is dismissed.


Before Justices Powers, Kidd and B. A. Smith

Appeal Dismissed

Filed: March 29, 1995

Do Not Publish
1. In his notice of appeal, appellant asked the district court to give its permission to appeal,
but there is no indication in the record that such permission was granted.