TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00415-CR







Mark D. Rodriguez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 94-069-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM


 Appellant waived indictment and pleaded guilty to an information accusing him of
sexual assault. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 19 Tex. Gen. Laws 5311,
5312 amended by Act of May 27, 1991, 72d Leg., R.S., ch. 662, § 1, 1991 Tex. Gen. Laws 2412
(Tex. Penal Code Ann. § 22.011, since amended). The district court found that the evidence
substantiated appellant's guilt but, pursuant to a plea bargain agreement, deferred further
proceedings and placed appellant on probation for ten years. 

 Appellant timely filed notices of appeal stating that the district court granted
permission to appeal and that he wished to appeal matters raised by written motion and ruled on
prior to trial. Tex. R. App. P. 40(b)(1). The State has filed a motion to dismiss the appeal
challenging the veracity of these statements.

 Because appellant entered a negotiated plea of guilty and the punishment assessed
does not exceed that to which appellant and his attorney agreed, appellant must have the district
court's permission to appeal any matter except rulings on written pretrial motions and
jurisdictional issues. Rule 40(b)(1); Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994);
Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Hutchins v. State, 887 S.W.2d 207,
209 (Tex. App.--Austin 1994, pet. ref'd). Appellant does not bring forward a point of error
concerning a matter raised by written motion and ruled on before trial. Further, appellant does
not question the district court's jurisdiction over either the subject matter of this cause or appellant
personally. Lyon, 872 S.W.2d at 736; Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App.
1981). Thus, we have jurisdiction in this cause only if and to the extent that the district court
gave its permission to appeal.

 Attached to the State's motion to dismiss is an affidavit by the district judge stating,
"I have not granted [appellant] or his attorneys . . . permission to appeal any issues in [this
cause]." In response, appellant asserts that the State and the district court are estopped from
asserting that he did not receive permission to appeal because they did not raise lack of permission
at an earlier time. This argument must fail because appellate jurisdiction is derived from the law
and cannot be conferred by consent or waiver. Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex.
Crim. App. 1964); Gibbs v. Melton, 354 S.W.2d 426, 428 (Tex. Civ. App.--Dallas 1962, no
writ). A court is without power to act if its jurisdiction is not lawfully invoked. Caldwell, 383
S.W.2d at 589.

 Next, appellant refers us to several passages in the trial record at which he asserts
the district court granted him permission to appeal. In overruling appellant's motion to withdraw
his plea of guilty, the court said, "The briefs raised intriguing questions and something which we
may see before the Court of Appeals or Court of Criminal Appeals." The court's comment did
not purport to grant permission to appeal.

 On another occasion, counsel and the court were discussing the conditions of
probation when counsel said, "A lot of this will probably be moot shortly anyway because I expect
to get the record of [sic] the appellate court very quickly, at which time all further proceedings
are stayed anyway." The court replied, "All right. I think that's a good observation, Mr.
Hampton." Again, we do not believe that the court's statement can reasonably be construed to
grant appellant permission to appeal.

 Appellant also contends he was granted permission to appeal at the hearing on his
motion for new trial. The district court refused to rule on the motion on the ground that such
motions may not be filed when adjudication of guilt has been deferred. State v. Davenport, 866
S.W.2d 767, 770 (Tex. App.--San Antonio 1993, no pet.). Defense counsel asked the court to
overrule the motion so that the question might be appealed. The district court responded, "It is
not necessary for the Court to overrule it. If you request a ruling and the Court refuses to give
you that ruling, then you can appeal that as though the Court had ruled." We construe this only
as an observation that the court's refusal to rule was sufficient to preserve error. Even if we were
to construe the court's remark as a grant of permission to appeal the court's refusal to rule on
appellant's motion for new trial, appellant does not bring forward a point of error on that issue.

 Appellant also argues that the district court granted permission to appeal by setting
bail on appeal. This contention is without merit. Rodriguez v. State, 844 S.W.2d 905, 909 (Tex.
App.--San Antonio 1992, pet. ref'd).

 Finally, appellant urges that the district court was without jurisdiction to withdraw
its consent to this appeal. Tex. R. App. P. 40(b)(2). This argument presupposes the district court
previously gave appellant permission to appeal. As we have discussed, we find no evidence of
this in the record. 

 In a cause governed by the "but" clause of rule 40(b)(1), it is not enough that the
recital required by the rule appears in the notice of appeal. The recital must be true. Hutchins,
887 S.W.2d at 210. In this cause, appellant's assertion that he was given permission to appeal
is challenged by the State's motion to dismiss and the supporting affidavit of the trial court. Id.;
see Jones v. Griege, 803 S.W.2d 486, 488 (Tex. App.--Dallas 1991, no writ) (appellate court may
receive affidavits to determine questions of jurisdiction); Tex. R. App. P. 19(d). Because we find
nothing in the record to contradict the district court's sworn statement that permission to appeal
was not given, we will accept it as true.

 Under rule 40(b)(1) as currently interpreted by the Court of Criminal Appeals, we
are without jurisdiction to consider the points of error brought forward by appellant. Hutchins,
887 S.W.2d at 211. The State's motion to dismiss for want of jurisdiction is granted.

 The appeal is dismissed.




Before Chief Justice Carroll, Justices Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction on State's Motion

Filed: May 10, 1995

Do Not Publish