TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00279-CR







Leonard Hargrove, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,913, HONORABLE MARTHA TRUDO, JUDGE PRESIDING







PER CURIAM


 Appellant was charged by indictment with aggravated robbery (count one) and
attempted capital murder (count two). Pursuant to a negotiated agreement, appellant pleaded
guilty to count one. In return, the State waived count two and recommended that punishment be
"capped" at twenty-five years. After accepting appellant's guilty plea and hearing evidence
relevant to punishment, the district court adjudged him guilty of aggravated robbery and assessed
punishment at imprisonment for twenty years. Tex. Penal Code Ann. § 29.03 (West 1994).

 Appellant's brief contains two points of error complaining of evidentiary rulings
at trial. Because appellant entered a negotiated guilty plea and the punishment assessed does not
exceed that to which he and his attorney agreed, we have jurisdiction to consider these points only
if the district court gave appellant permission to appeal nonjurisdictional matters. Lyon v. State,
872 S.W.2d 732, 736 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim.
App. 1994); Hutchins v. State, 887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet. ref'd); Fowler
v. State, 874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet. ref'd); Tex. R. App. P. 40(b)(1). 
Appellant's notice of appeal does not recite that such permission was granted.

 The State has filed a motion to dismiss the appeal for want of jurisdiction. The
motion is supported by an affidavit from the district judge stating that she did not grant appellant
or his attorney permission to appeal any nonjurisdictional defect.

 Appellant refers us to Riley v. State, 825 S.W.2d 699, 701 (Tex. Crim. App.
1992). In that case, the notice of appeal did not conform to the "but clause" of rule 40(b)(1) but
the Court of Criminal Appeals deemed the district court's separate "order limiting appeal" an
adequate alternative. No similar order appears in the transcript of this cause. Instead, appellant
relies on the form order appointing counsel on appeal. There is nothing in this order indicating
that the court intended to grant permission to appeal nonjurisdictional matters. Hutchins, 877
S.W.2d at 210.

 Under rule 40(b)(1) as currently interpreted by the Court of Criminal Appeals, we
are without jurisdiction to consider the points of error brought forward by appellant. The State's
motion to dismiss for want of jurisdiction is granted.

 The appeal is dismissed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction on State's Motion

Filed: August 16, 1995

Do Not Publish