TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00561-CR

Rudy Holguin, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 44,954, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

PER CURIAM

 Following appellant's plea of guilty and judicial confession, the district court found
him guilty of aggravated assault. Pursuant to a plea bargain agreement, the court assessed
punishment at imprisonment for sixteen years.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. No pro se brief has been filed. The State has filed a motion to dismiss the appeal.

 Appellant's notice of appeal does not preserve for review the district court's rulings
on appellant's pretrial motions and does not state that the court gave appellant permission to
appeal. As a result, we have jurisdiction in this cause only to consider jurisdictional issues. Lyon
v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46 (Tex.
Crim. App. 1994); Hutchins v. State, 887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet. ref'd);
Fowler v. State, 874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet. ref'd); Tex. R. App. P.
40(b)(1). Appellant's brief does not question the jurisdiction of the district court over either the
subject matter of this cause or appellant personally. Fairfield v. State, 610 S.W.2d 771, 779
(Tex. Crim. App. 1981). In light of the frivolous appeal brief, we have examined the record and
find no basis for challenging the district court's jurisdiction. Under the circumstances, we do not
have jurisdiction of this appeal.

 The State's motion to dismiss the appeal for want of jurisdiction is granted. The
appeal is dismissed.

Before Justices Powers, Aboussie and Kidd

Dismissed for Want of Jurisdiction

Filed: January 10, 1996

Do Not Publish