TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00581-CR

Cathleen Davis, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. 092532, HONORABLE BOB PERKINS, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty to felony theft. The district court, after finding that the
evidence substantiated appellant's guilt, deferred further proceedings and placed appellant on
community supervision for three years pursuant to a plea bargain agreement.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by advancing a contention that counsel says might arguably support the
appeal. See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). A copy of counsel's brief was delivered to appellant, and appellant was advised of her
right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

 Appellant's notice of appeal does not preserve for review the district court's rulings
on appellant's pretrial motions and does not state that the court gave appellant permission to
appeal. As a result, we have jurisdiction in this cause only to consider jurisdictional issues. Lyon
v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46 (Tex.
Crim. App. 1994); Hutchins v. State, 887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet. ref'd);
Fowler v. State, 874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet. ref'd); Tex. R. App. P.
40(b)(1). Appellant's brief does not question the jurisdiction of the district court over either the
subject matter of this cause or appellant personally. Fairfield v. State, 610 S.W.2d 771, 779
(Tex. Crim. App. 1981). 

 In light of the frivolous appeal brief, we have examined the record and find no basis
for challenging the district court's jurisdiction. Under the circumstances, we do not have
jurisdiction of this appeal.

 The appeal is dismissed.

Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: March 13, 1996

Do Not Publish