TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00383-CR

NO. 03-95-00384-CR

Gary Haynes, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF CALDWEL COUNTY, 22ND JUDICIAL DISTRICT

NOS. 94-069 & 95-010, HONORABLE BILL BENDER, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty and no contest to indictments accusing him of felony theft. 
In accord with a plea bargain agreement, the district court assessed punishment in each cause at
imprisonment for eight years.

 Appellant's brief contains a single point of error complaining that the district court
abused its discretion by refusing to permit appellant to withdraw his pleas. Because appellant's
pleas were negotiated and the punishment assessed does not exceed that to which he and his
attorney agreed, we have jurisdiction to consider this point only if the district court gave appellant
permission to appeal this nonjurisdictional matter. Lyon v. State, 872 S.W.2d 732, 736 (Tex.
Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Hutchins v. State,
887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet. ref'd); Fowler v. State, 874 S.W.2d 112, 114
(Tex. App.--Austin 1994, pet. ref'd); Tex. R. App. P. 40(b)(1). Appellant's notices of appeal do
not recite that such permission was granted.

 Under rule 40(b)(1) as currently interpreted by the Court of Criminal Appeals, we
are without jurisdiction to consider the point of error brought forward by appellant. The appeals
are dismissed.

Before Chief Justice Carroll, Justices Aboussie and Kidd

Dismissed for Want of Jurisdiction

Filed: March 20, 1996

Do Not Publish