TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00718-CR

Paul Monfort, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 44,186, HONORABLE RICK MORRIS, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty to an indictment accusing him of aggravated robbery and
judicially confessed to the offense. The district court found him guilty and, pursuant to a plea
bargain agreement, assessed punishment at imprisonment for forty years.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by advancing contentions which counsel says might arguably support the
appeal. See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). Appellant also exercised his right to file a pro se brief.

 Appellant filed no pretrial motions and his notice of appeal does not state that the
district court gave permission to appeal. In fact, the transcript contains the court's written order
denying permission to appeal. Both counsel and appellant contend the court abused its discretion
by denying permission to appeal, but our reading of rule 40(b)(1) convinces us that the court's
discretion thereunder is essentially unlimited. The first point of error in each brief is overruled.

 We have jurisdiction in this cause only to consider jurisdictional issues. Lyon v.
State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46 (Tex.
Crim. App. 1994); Hutchins v. State, 887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet. ref'd);
Fowler v. State, 874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet. ref'd); Tex. R. App. P.
40(b)(1). The remaining arguable points of error in counsel's brief and points of error in
appellant's pro se brief do not question the jurisdiction of the district court over either the subject
matter of this cause or appellant personally. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim.
App. 1981). In light of the frivolous appeal brief, we have examined the record and find no basis
for challenging the district court's jurisdiction. Under the circumstances, we do not have
jurisdiction of this appeal.

 The State's motion to dismiss for want of jurisdiction is granted. The appeal is
dismissed.

Before Chief Justice Carroll, Justices Aboussie and Kidd

Dismissed for Want of Jurisdiction

Filed: July 17, 1996

Do Not Publish