TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00107-CR

NO. 03-97-00108-CR

William Enrique Munoz, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NOS. 42,956 & 46,427, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

PER CURIAM

In number 3-97-107-CR, appellant pleaded guilty to an indictment accusing him of
aggravated sexual assault of a child. The district court found that the evidence substantiated appellant's
guilt and, pursuant to a plea bargain, deferred further proceedings and placed appellant on community
supervision. Later, the court revoked supervision on the State's motion, adjudged appellant guilty, and
assessed punishment at imprisonment for twenty-five years. In number 3-97-108-CR, appellant pleaded
guilty to an indictment accusing him of aggravated sexual assault of a child. The district court adjudged him
guilty and, pursuant to a plea bargain, assessed punishment at imprisonment for forty-five years.

Appellant brings forward the same point of error in both appeals: the district court erred
by failing to give defense counsel reasonable time to review the victim impact statement before sentencing. 
See Tex. Code Crim. Proc. Ann. art. 56.03(e) (West Supp. 1997). In number 3-97-108-CR, the State
has filed a motion to dismiss the appeal pointing out that appellant's notice of appeal does not reflect that
the district court gave him permission to raise this nonjurisdictional matter. See Lyon v. State, 872 S.W.2d
732, 736 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Hutchins
v. State, 887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet. ref'd); Fowler v. State, 874 S.W.2d 112,
114 (Tex. App.--Austin 1994, pet. ref'd); Tex. R. App. P. 40(b)(1). While the State has not moved to
dismiss the appeal in number 3-97-107-CR, the same procedural defect is present in that cause. See
Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996). We also note that appellant does
not contend that the alleged error rendered his guilty pleas involuntary. See Flowers v. State, 935 S.W.2d
131, 134 (Tex. Crim. App. 1996). Under the circumstances, this Court is without jurisdiction to consider
these appeals.

The State's motion to dismiss is granted. The appeals are dismissed for want of jurisdiction.

Before Justices Powers, Jones and Kidd

Dismissed for Want of Jurisdiction

Filed: June 19, 1997

Do Not Publish