**Jeffrey Dean ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–96–00120–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 9, 1997.

Decided Oct. 10, 1997.

Rehearing Overruled Nov. 25, 1997.

Michael F. Payne, Wichita, for appellant.

Bradley K. Lollar, Special Prosecutor, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

On April 29, 1996, Jeffery Dean Rogers was indicted for the offense of aggravated perjury. The indictment alleged that Rogers gave a false statement at a grand jury hearing regarding one of his investigations while he was a police officer for the City of Daingerfield, Texas. Subsequently, on September 17, 1996, Rogers pleaded guilty and was convicted by the trial court. Pursuant to a plea bargain agreement, the court assessed punishment at three years' probation and a $300.00 fine.

In 1995, the county attorney had recused himself from the case because he learned that Rogers had filed an official complaint against him with the Texas Rangers. Concurrently, the district judge also recused himself. The administrative judge appointed the Honorable James B. Zimmermann to preside in this case, and Judge Zimmermann appointed Bradley Lollar as the attorney pro tem.[1] On April 15, 1996, Lollar took the oath as required by the Texas Constitution and TEX.CODE CRIM. PROC. ANN. art. 2.07 (Vernon 1977 & Supp.1997). The oath was in writing, was sworn to before a notary public, and was sent to the Secretary of State for filing. On April 29, 1996, Rogers was indicted by a

---

1. There is some confusion about Lollar's title. A special prosecutor assists a district attorney in investigating and prosecuting a particular case, but the district attorney is still in control and takes responsibility for the prosecution. *State v. Rosenbaum*, 852 S.W.2d 525, 529 (Tex.Crim.App. 1993) (Clinton, J., concurring). The district attorney permits the special prosecutor to assist him. An attorney pro tem is appointed by the district court, and steps into the role of the district or county attorney with all of that position's functions and responsibilities. *Id.* Thus, Lollar is an attorney pro tem, because he was appointed by the district court and conducted the prosecution of Rogers.

grand jury, at which time Lollar was present and represented the State. Lollar filed his oath with the clerk of the trial court on September 16, 1996.

Rogers contends that the trial court should have removed Lollar. He cites two reasons. First, he contends that the trial court had no power to sua sponte appoint an attorney pro tem. Second, he contends that Lollar was not qualified to act as attorney pro tem because he did not file his oath with the district clerk until after the grand jury handed down the indictment. See TEX.CODE CRIM. PROC. ANN. art. 2.07.

■■■ First, we must determine whether we have jurisdiction of this appeal. Even if the parties to a suit do not challenge the court's jurisdiction, the court must determine whether it has jurisdiction. *Solis v. State*, 890 S.W.2d 518, 520 (Tex.App.—Dallas 1994, no pet.). Rogers entered his guilty plea pursuant to a plea bargain agreement. Before he pleaded guilty, he argued two motions. These motions, however, are not included in the clerk's record, and they were not read into the reporter's record. The reporter's record does show that the trial court heard and ruled on a written motion titled "Motion to Recuse or Disqualify the Special Prosecutor."

■■■ In order for a defendant to appeal from a plea bargained conviction, the defendant must obtain the trial court's permission to appeal any matter in the case except for jurisdictional issues and those matters raised by written motion and ruled upon before trial. TEX.R.APP. P. 40(b)(1); *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994); *Davis v. State*, 870 S.W.2d 43, 46–47 (Tex. Crim.App.1994). This requirement is jurisdictional and must be complied with before an appellate court may review the alleged error on its merits. Further, the defendant must expressly state in a specific notice of appeal either that he had the trial court's permission to appeal or that he raised his point of error by a pretrial written motion. *Payne v. State*, 931 S.W.2d 56, 57 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd); *McLish v. State*, 916 S.W.2d 27, 28 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd); *Jacobs v. State*, 903 S.W.2d 848, 850 (Tex.

App.—Texarkana 1995, pet. ref'd). This specific notice of appeal cannot be amended to add the jurisdictionally required language that the defendant had the trial court's permission or that the error was raised by a pretrial written motion ruled upon by the trial court. *Jones v. State*, 796 S.W.2d 183, 186–87 (Tex.Crim.App.1990); *Haller v. State*, 933 S.W.2d 262, 263 (Tex.App.—Corpus Christi 1996, no pet.). Rogers' notice of appeal stated that the trial court granted permission to appeal, and those matters were raised by written pretrial motions and ruled on prior to trial. This statement, however, must be shown to be true in order to confer jurisdiction on this court to consider nonjurisdictional issues. *Solis v. State*, 890 S.W.2d at 520; *Hutchins v. State*, 887 S.W.2d 207, 210 (Tex.App.—Austin 1994, pet. ref'd). The record does show that the trial court gave express permission to Rogers to appeal the issues presented in his two pretrial motions. Thus, we do have jurisdiction.

■■■ Rogers has the burden to provide this court with a sufficient record to show whether there is error requiring reversal. TEX.R.APP. P. 50(d); *O'Neal v. State*, 826 S.W.2d 172, 173 (Tex.Crim.App.1992); *Revell v. State*, 885 S.W.2d 206, 210 (Tex.App.— Dallas 1994, pet. ref'd); *Callahan v. State*, 814 S.W.2d 420, 423 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). In order to preserve error for appellate review, a party must have presented the trial court with a timely request, objection, or motion stating specific grounds for the desired ruling, if the grounds were not apparent from the context. *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.—Texarkana 1995, no pet.). After a careful reading of the record, we conclude that the bases for Rogers' motion were not apparent from the record. Without the written motion in the record, we cannot review what the trial court ruled on. Generally, appellate courts presume that a trial court's rulings are correct. *Hardin v. State*, 471 S.W.2d 60, 63 (Tex.Crim.App.1971); *State v. Pierce*, 816 S.W.2d 824, 831 (Tex.App.—Austin 1991, no pet.) (applying TEX.R.APP. P. 50(d), which is binding on both civil and criminal appeals). Further, any omission in the record will be presumed to support the

trial court's judgment. *Hardin v. State, supra; State v. Pierce, supra; Haynes v. McIntosh,* 776 S.W.2d 784, 785–86 (Tex. App.—Corpus Christi 1989, writ denied). Thus, without the written motion to disqualify the attorney pro tem, we cannot review what the trial court ruled on and we must presume that its ruling was correct. *See generally Garcia v. State,* 758 S.W.2d 937, 939 (Tex.App.—El Paso 1988, no pet.).

■ It was not error for the court to sua sponte appoint an attorney pro tem. The statute, TEX.CODE CRIM. PROC. ANN. art. 2.07, expressly provides that the court may appoint an attorney pro tem when the attorney representing the State is disqualified or is otherwise unable to perform the duties of his office. The prosecutor in this case recused himself from the investigation and prosecution of the case.

■ Additionally, we find that Lollar properly made and filed his oath. He signed and swore to the oath on April 15, 1996, and mailed it the same day to the Secretary of State. Thus, he took the oath and filed it with the Secretary of State before he appeared before the grand jury in connection with Rogers' indictment, before the indictment was issued, and long before the trial was conducted on September 17, 1996. Lollar refiled the oath in the district clerk's office on September 16, 1996, before the trial began.

Article 2.07 requires that the attorney pro tem file his oath with the clerk of court. Lollar did that on September 16, 1996. We hold that the delay in filing the oath with the *district clerk* was a mere irregularity that did not deprive Lollar of the authority to act as attorney pro tem.

For the reasons stated, we affirm the judgment.