David Gordon Munson v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-027-CR

     DAVID MUNSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
 
                                                                                              Appellee
 

From the County Court at Law No. 1
Brazos County, Texas
Trial Court # 3691-95
                                                                                                                

MEMORANDUM OPINION 
                                                                                                               

      Appellant David Munson pleaded nolo contendere to criminal trespass. See Tex. Penal
Code Ann. § 30.05(a)(1) (Vernon 1994). Pursuant to the State’s plea recommendation, the court
deferred an adjudication of Munson’s guilt; placed him on community supervision for two years;
and required him to pay a $2,000 fine while on community supervision. The State subsequently
filed a motion to adjudicate Munson’s guilt. After a contested hearing, the court adjudicated
Munson’s guilt and assessed his punishment at 180 days’ confinement in the county jail.
      Munson brings this appeal claiming in two points that the court erred in accepting his original
plea of nolo contendere without giving him the admonishments provided by article 26.13(a) of the
Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon 1989).
      Appellate rule 25.2(b)(3) provides that in cases where a defendant has pleaded guilty or nolo
contendere and the punishment assessed does not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the defendant’s notice of appeal must:
(a) specify that the appeal is for a jurisdictional defect;
(b) specify that the substance of the appeal was raised by written motion and ruled on
before trial; or
(c) state that the trial court granted permission to appeal.
Tex. R. App. P. 25.2(b)(3).
      Munson’s amended notice of appeal recites that the trial court granted him permission to
appeal. See id. 25.2(b)(3)(c). The State responds that the record does not demonstrate that the
court in fact has granted Munson permission to appeal. When an appellant asserts that he has the
trial court’s permission to appeal, the record must bear out this assertion to confer jurisdiction on
this basis. See Rogers v. State, 956 S.W.2d 624, 626 (Tex. App.—Texarkana 1997, pet. ref’d);
Hutchins v. State, 887 S.W.2d 207, 210 (Tex. App.—Austin 1994, pet. ref’d).
      The record reflects that after the court pronounced Munson’s sentence, counsel stated his
intention to appeal and requested an appeal bond. The court allowed Munson to remain on bond
pending appeal. See Tex. Code Crim. Proc. Ann. art. 44.04(a) (Vernon 1979). However, the
record does not show that the court granted express permission to Munson to bring this appeal. 
See Rogers, 956 S.W.2d at 626.
      We cannot imply from the court’s permitting Munson to remain on bond pending appeal that
the court has granted Munson permission to appeal. See Lyon v. State, 872 S.W.2d 732, 736
(Tex. Crim. App. 1994) (trial court’s order granting a free appellate record does not constitute an
“implied permission to appeal”). Accordingly, because the record does not demonstrate that the
court has granted Munson permission to bring this appeal, we do not have jurisdiction. Rogers,
956 S.W.2d at 626; Hutchins, 887 S.W.2d at 210. Thus, we dismiss Munson’s appeal.
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Appeal dismissed
Opinion delivered and filed December 16, 1998
Do not publish