NO. 07-02-0094-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY14, 2003

_____

STANLEY CARL BAZOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 14,044-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before JOHNSON, C.J. and REAVIS, J. and BOYD, S.J.[*]

**MEMORANDUM OPINION**[1]

Pursuant to a plea of guilty, appellant Stanley Carl Bazor was convicted of manslaughter and punishment was assessed at 20 years confinement. By two points of

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

error, appellant asserts the trial court abused its discretion and he was denied effective assistance of counsel. Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

Although appellant was charged with murder for allegedly attempting to commit suicide by driving his vehicle head on into another vehicle and killing the driver of the other vehicle, he instead plead guilty to the lesser included offense of manslaughter. A suppression hearing was held on appellant's amended motion to suppress to determine the admissibility of, among other items, (1) statements made by him to medical staff personnel at the Pavilion and (2) a suicide note found in his vehicle after the accident. The motion was denied and appellant was convicted and sentenced on January 17, 2002. Following his conviction, he filed two letters, one on January 23, and one on February 14, 2002, expressing a desire to appeal and inquiring whether counsel had been appointed. These letters constitute a sufficient general notice of appeal. Tex. R. App. P. 25.2(b)(2).

Initially we must address the State's contention that we do not have jurisdiction to entertain this appeal. The State argues that pursuant to a plea bargain appellant agreed to plead guilty to manslaughter for a recommendation of punishment of 20 years confinement, and that because the sentence did not exceed that imposed, appellant's general notice of appeal does not satisfy the requirements of former Rule 25.2(b)(3) of the

2

Texas Rules of Appellate Procedure.[2]  Compliance with the procedure set out in Rule 25.2(b)(3) is necessary to invoke our jurisdiction over an appeal.  White v. State, 61 S.W.3d 424, 427-28 (Tex.Cr.App. 2001).

In his brief, appellant asserts that he was granted permission to appeal by the trial court.  However, nothing in the record indicates that permission was granted.[3]  To the contrary, during the plea proceeding the trial court explained the following to appellant:

> Court: I don't have to follow any agreement that you and [defense counsel] have made with the State, but if there is a plea agreement, and if I do choose to follow that agreement, then you won't be permitted to appeal to any higher court.  Do you understand that, too?

Appellant responded affirmatively.  After he was found guilty of manslaughter and sentenced, the court again explained:

> There is no right of appeal since the plea agreement was accepted, except for those matters–those pretrial matters which were ruled adversely to you.  Do you wish to waive your right to appeal?
>
> Defendant: Yes.

---

[2]Rule 25.2 was amended by the Texas Court of Criminal Appeals and became effective on January 1, 2003.

[3]We have not overlooked the recent decision of the Court of Criminal Appeals which holds that a defendant who timely files a general notice of appeal may amend his notice to correct a defect or omission at any time prior to filing his brief.  Bayless v. State, 91 S.W.3d 801 (2002).  Here, however, because appellant's brief was filed in April 2002,  his appeal is governed by former Rule 25.2(b)(3).

On February 28, 2002, after appellant had filed two letters with the trial court expressing a desire to appeal, the court signed an order appointing counsel on appeal. However, appointment of appellate counsel does not constitute implied permission to appeal. *See* Lyon v. State, 872 S.W.2d 732, 736 (Tex.Cr.App. 1994), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994) (holding that an order granting a free statement of facts did not constitute implied permission to appeal); *see also* Hutchins v. State, 887 S.W.2d 207, 210 (Tex.App.–Austin 1994, pet. ref'd) (holding that an order appointing counsel did not constitute an implied grant of permission to appeal). Thus, we agree with the State that appellant's general notice of appeal did not invoke our jurisdiction.

Accordingly, the appeal is dismissed for want of jurisdiction.


                                        Don H. Reavis
                                        Justice

Do not publish.