NO. 07-02-0094-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY14, 2003



______________________________




STANLEY CARL BAZOR, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 14,044-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before JOHNSON, C.J. and REAVIS, J. and BOYD, S.J. (1)

MEMORANDUM OPINION (2)


 Pursuant to a plea of guilty, appellant Stanley Carl Bazor was convicted of
manslaughter and punishment was assessed at 20 years confinement. By two points of
error, appellant asserts the trial court abused its discretion and he was denied effective
assistance of counsel. Based upon the rationale expressed herein, we dismiss for want
of jurisdiction.

 Although appellant was charged with murder for allegedly attempting to commit
suicide by driving his vehicle head on into another vehicle and killing the driver of the other
vehicle, he instead plead guilty to the lesser included offense of manslaughter. A
suppression hearing was held on appellant's amended motion to suppress to determine
the admissibility of, among other items, (1) statements made by him to medical staff
personnel at the Pavilion and (2) a suicide note found in his vehicle after the accident. The
motion was denied and appellant was convicted and sentenced on January 17, 2002. 
Following his conviction, he filed two letters, one on January 23, and one on February 14,
2002, expressing a desire to appeal and inquiring whether counsel had been appointed. 
These letters constitute a sufficient general notice of appeal. Tex. R. App. P. 25.2(b)(2).

 Initially we must address the State's contention that we do not have jurisdiction to
entertain this appeal. The State argues that pursuant to a plea bargain appellant agreed
to plead guilty to manslaughter for a recommendation of punishment of 20 years
confinement, and that because the sentence did not exceed that imposed, appellant's
general notice of appeal does not satisfy the requirements of former Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure. (3) Compliance with the procedure set out in Rule
25.2(b)(3) is necessary to invoke our jurisdiction over an appeal. White v. State, 61
S.W.3d 424, 427-28 (Tex.Cr.App. 2001). 

 In his brief, appellant asserts that he was granted permission to appeal by the trial
court. However, nothing in the record indicates that permission was granted. (4) To the
contrary, during the plea proceeding the trial court explained the following to appellant:

 Court: I don't have to follow any agreement that you and [defense counsel]
have made with the State, but if there is a plea agreement, and if I do choose
to follow that agreement, then you won't be permitted to appeal to any higher
court. Do you understand that, too? 

 

Appellant responded affirmatively. After he was found guilty of manslaughter and
sentenced, the court again explained: 

 There is no right of appeal since the plea agreement was accepted, except
for those matters-those pretrial matters which were ruled adversely to you. 
Do you wish to waive your right to appeal?

 Defendant: Yes.


 On February 28, 2002, after appellant had filed two letters with the trial court
expressing a desire to appeal, the court signed an order appointing counsel on appeal. 
However, appointment of appellate counsel does not constitute implied permission to
appeal. See Lyon v. State, 872 S.W.2d 732, 736 (Tex.Cr.App. 1994), cert. denied, 512
U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994) (holding that an order granting a free
statement of facts did not constitute implied permission to appeal); see also Hutchins v.
State, 887 S.W.2d 207, 210 (Tex.App.-Austin 1994, pet. ref'd) (holding that an order
appointing counsel did not constitute an implied grant of permission to appeal). Thus, we
agree with the State that appellant's general notice of appeal did not invoke our jurisdiction.

 Accordingly, the appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice

Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.4.
3. Rule 25.2 was amended by the Texas Court of Criminal Appeals and became
effective on January 1, 2003.
4. We have not overlooked the recent decision of the Court of Criminal Appeals which
holds that a defendant who timely files a general notice of appeal may amend his notice
to correct a defect or omission at any time prior to filing his brief. Bayless v. State, 91
S.W.3d 801 (2002). Here, however, because appellant's brief was filed in April 2002, his
appeal is governed by former Rule 25.2(b)(3).


ed="false" Priority="67" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0074-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JULY
26, 2010

                                            ______________________________

 

                                                      IRENE ELAINE MAESTAS, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                         _________________________________

 

                FROM THE
COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

 

                       NO.  123,202-1; HON. W.F. CORKY ROBERTS,
PRESIDING

                                           _______________________________

 

Anders Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

Irene
Elaine Maestas (appellant) appeals her conviction for
failing to report child abuse.  Appellants
appointed counsel has now filed a motion to withdraw, together with an Anders[1]
brief, wherein he certified that, after diligently searching the record, he
concluded that the appeal was without merit. 
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing her of counsels belief that there was no reversible error
and of appellants right to file a response pro se.  By letter dated June 16, 2010, this court also
notified appellant of her right to tender her own response and set July 16,
2010, as the deadline to do so.  To date,
no response has been filed.   

            In compliance with the principles enunciated
in Anders, appellate counsel discussed one potential area for
appeal.  It included the sufficiency of
the evidence.  However, counsel then
proceeded to explain why the evidence was sufficient to support appellants
conviction.

            In addition, we have conducted our
own review of the record to assess the accuracy of appellate counsels
conclusions and to uncover any reversible error pursuant to Stafford v.
State, 813 S.W.2d 508 (Tex. Crim. App. 1991).  After doing so, we concur with counsels
conclusions.  

            Accordingly, the motion to withdraw
is granted, and the judgment is affirmed.[2] 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do not publish.     

 

 











[1]See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967). 





[2]Appellant has the right to file a pro
se petition for discretionary review from this opinion.