**Ex parte Oliver CALDWELL.**

No. 37007.

Court of Criminal Appeals of Texas.

Oct. 14, 1964.

Rehearing Denied Nov. 11, 1964.

See also 383 S.W.2d 590.

Emmett Colvin, Jr., Dallas, for relator.

Henry Wade, Dist. Atty., A. D. Jim Bowie, William F. Alexander, Edwin L. Davis, and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

On March 5, 1964, this Court received the record of a death penalty conviction against relator, but such record contained no notice of appeal. After the expiration of the term of the trial court in which relator was convicted, we received an application for writ of habeas corpus prepared by an attorney other than the one who represented relator at his trial, which alleged that relator was illegally restrained in that he had been denied the right of appeal to this Court from such death penalty conviction because of the inexperience of relator's court appointed attorney, who failed to give notice of appeal during the term of court in which such death penalty had been assessed, thereby depriving this Court of the right to consider the record before us as an appeal.

In response to such application this Court entered an order requiring the trial judge to hold a hearing and ascertain the facts relating to the allegations in the application. Such hearing was held, and we learn therefrom that relator was indigent, that his court appointed attorney represented relator without the assistance of other counsel, and that such attorney had never before represented an accused in a case in which the death penalty was sought and, in fact, had been licensed to practice only a few years and had been engaged in the practice of criminal law a much shorter length of time.

We quote from his testimony at the hearing:

"A * * * And the jury came back in and they returned the verdict, and of course, the bailiff took Oliver out rapidly. My wife was here and we just went on home as I recall it.

"Q Now, from that time on, did you ever file a motion for a new trial?

"A No, sir.

"Q Did you ever file or announce in open court or give a notice of appeal?

"A  No, sir."

The term of court and the time for giving notice of appeal had expired before other counsel was appointed to represent the relator on appeal or review of the conviction.

From the above it is apparent that relator was deprived of his right to a review of his conviction on appeal.

■ Where it appears that the rights of an indigent accused were not properly safeguarded, a conviction with the death penalty should be reversed. 14 American Jurisprudence, p. 888, Sec. 174.

The writ of habeas corpus is granted, the judgment of conviction set aside and relator is ordered to stand trial on the indictment pending against him in the Criminal District Court # 3 of Dallas County.

It is so ordered.

### ON STATE'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

The State moves for rehearing in this cause and in cause No. 36,882, Caldwell v. State of Texas, Tex.Cr.App., 383 S.W.2d 590, in which the appeal was dismissed for want of jurisdiction.

We treat the State's motion as a motion to re-instate the appeal in cause No. 36,882 and for rehearing in this cause.

■ The State is not in disagreement with the long established precedent that no death penalty will be affirmed without a statement of facts which this Court may review in passing upon the sufficiency of the evidence.

■ We do not understand that the States takes issue with our holding that the conviction cannot be successfully attacked by habeas corpus on the ground of insufficient evidence.

■ There can be no doubt that, in the absence of a notice of appeal, this Court is without jurisdiction to enter any order other than to dismiss the appeal. Cases are legion where this rule has been invoked by the state. Many such cases are listed under Art. 827 Vernon's Ann.C.C.P., Note 2.

The State's position here is that the transcript and statement of facts in our cause No. 36,882 were furnished upon request of the State, and the State has requested that this Court "consider said case as though a timely notice of appeal had been filed, and by its action waived all objections to the necessity of a timely notice of appeal."

■ Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as if it did not exist. State v. Olsen (Tex.) 360 S.W.2d 398.

■ Art. 827 V.A.C.C.P. prescribes the manner by which the Court of Criminal Appeals acquires jurisdiction of an appeal. Where the mode of acquiring jurisdiction is prescribed by statute, substantial compliance therewith is essential or the proceedings will be a nullity. 21 C.J.S. Courts § 80.

It follows that this Court is without authority to entertain the appeal in our cause No. 36,882 by consent, request or waiver of the State.

The State's motion for rehearing in this cause and to re-instate the appeal in cause No. 36,882 is overruled.