In the Interest of A.N.A.

No. 06–04–00052–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 7, 2004.

Decided July 20, 2004.

R. Scott Walker, Longview, for appellant.

Joe Black, Harrison County Dist. Atty., Al Davis, Asst. Dist. Atty., Marshall, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

A.N.A. appeals from an order modifying her probation in a juvenile case. She had been placed on twelve months' probation for truancy, which expired January 7, 2004. The order of modification, signed by the trial court March 8, 2004, extended her probation by an additional twelve months from that date. The petition to modify was filed December 30, 2003. It alleged A.N.A. had failed to attend school during the term of her probation, accumulating over thirteen absences during that time period.

A.N.A. contends we should reverse because the probationary period had expired: there was nothing to modify. She acknowledges that the motion to modify predated the expiration of probation, but argues that we should apply a criminal law

parallel and hold, because no warrant or capias was issued before the probationary period's expiration, the State simply waited too long to request modification.

As pointed out by A.N.A., a trial court can hear a motion to revoke community supervision in a criminal case even after the period of community supervision has expired, but in order for the jurisdiction of the trial court to extend beyond the expiration of the defendant's community supervision, two things must first occur: 1) a motion to revoke community supervision must be filed; and 2) a capias must be issued. *Peacock v. State*, 77 S.W.3d 285, 287 (Tex.Crim.App.2002). As long as both a motion alleging a violation of community supervision terms is filed and a capias or arrest warrant is issued before the expiration of the term, followed by due diligence to apprehend the person on community supervision and to hear and determine the allegations in the motion, the trial court's jurisdiction continues. *Rodriguez v. State*, 804 S.W.2d 516, 517 (Tex.Crim.App.1991).

Juvenile proceedings have many of the same aspects as do criminal proceedings.[1] However, in this situation, there is a specific section of the Family Code that controls the outcome of this argument. Tex. Fam.Code Ann. § 54.05(*l*) (Vernon Supp. 2004) provides explicitly that a court may modify and extend a period of probation either (a) during the period of probation,

or (b) if the motion to modify is filed before the supervision ends, "before the first anniversary of the date on which the period of probation expires."

In this case, the motion to modify was filed before the supervision ended, and the order extending probation was entered before the first anniversary following the date on which the probationary period expired. The trial court's action falls squarely within the ambit of the rule. No error is apparent.[2]

A.N.A. also argues the court had no authority to extend the probation for, effectively, more than a period of twelve months. In making this argument, she calculates the length of probation from the date on which the original probationary period expired to the end of the period under the modification: twelve months after March 8, 2004. She bases her argument on *In re R.G.*, 687 S.W.2d 774, 776–77 (Tex.App.-Amarillo 1985, no writ). The Amarillo court held that the trial court had the authority to modify the order placing R.G. on probation despite the expiration of the probationary period's term because the application to modify was filed within the probationary period. In reaching its decision, the Amarillo court recognized that the trial court had authority only to place the child on probation for a period not to exceed one year. In so doing, the court recognized that language then found at Tex. Fam.Code Ann. § 54.04(d)(1)[3] allowed

1. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (extending *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to juvenile delinquency proceedings based, in part, on quasi-criminal nature of proceedings). The adjudication of a juvenile as a delinquent is based on the criminal standard of proof: "beyond a reasonable doubt." Tex. Fam.Code Ann. § 54.03(f) (Vernon Supp. 2004). The Texas Supreme Court has recognized juvenile delinquency cases as "quasi-criminal" because, under the Family Code, the Texas Rules of Evidence applicable to criminal cases and Chapter 38 of the Texas

Code of Criminal Procedure govern juvenile delinquency proceedings. Tex. Fam.Code Ann. § 51.17(c) (Vernon Supp.2004); *In re B.L.D.*, 113 S.W.3d 340, 351 (Tex.2003).

2. Subsection (*l*) was added to the Family Code by Act of June 2, 2003, 78th Leg., R.S., Ch. 283, § 21, 2003 Tex. Gen. Laws 1221, 1227 (effective September 1, 2003).

3. Tex. Fam.Code Ann. § 54.04(d)(1), *modified by* Act of May 30, 1993, 73rd Leg., R.S., ch. 1048, § 1, 1993 Tex. Gen. Laws 4473, 4474.

the court to initially place a child on probation for a period not to exceed one year, subject to extensions of no more than one year each. That portion of the Code was modified in 1993. Counsel has directed us to no similar restrictive language in the current version of the Code, and we are aware of none. We conclude that this argument is likewise without merit.

We affirm the judgment.