NUMBER 13-01-860-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

OSCAR RENE SILGUERO,                                          Appellant,

 

                                           v.

 

THE
STATE OF TEXAS                                               Appellee.

 

 

 

                  On appeal from the 332nd
District Court

                           of Hidalgo
County, Texas.

 

 

 

           CONCURRING MEMORANDUM OPINION

ON
MOTION FOR REHEARING FOR 

EN
BANC CONSIDERATION

 

Before
the Court En Banc

Concurring
Memorandum Opinion by Justice Castillo

 








The en banc majority
denies appellant Oscar Rene Silguero's motion for en banc consideration.  See Tex.
R. App. P. 41.2(c), 49.7.  I
concur with the majority decision. 
However, I write separately to briefly address Silguero's complaints as
to our jurisdiction.

I.  Issues Presented

By six issues,
Silguero asserts that this Court does not have jurisdiction over his appeal
because the trial court granted his motion for new trial and the absence of the
State's appeal divests this Court of jurisdiction.    

II.  The Record

          On
October 24, 2001, the trial court entered judgment on both counts alleged in
the indictment.  On November 16, 2001,
Silguero filed a pro se motion for new trial asserting as grounds sufficiency
of the evidence and jury misconduct. 
That same day he filed a pro se notice of appeal.  On November 19, 2001, the trial court granted
defense counsel's motion to withdraw and entered the following order:

ORDER FOR NEW TRIAL

On this the 19th day
of November, 2001, came to be heard Defendant's Motion for New Trial, and it
appears to the court that this motion should be 

 

GRANTED    [interdelineated]              DENIED [circled]

 

          IT
IS THEREFORE ORDERED that a new trial be conducted in the above-entitled and
numbered case.








On December 20, 2001,
the trial court appointed appellate counsel. 
By panel opinion, this Court affirmed the judgments.  At the crux of Silguero's motion for en banc
consideration is our jurisdiction.  

III.  En Banc Consideration

En banc consideration
should not be ordered unless necessary to secure or maintain uniformity of the
Court's decisions or unless extraordinary circumstances require en banc
consideration.  Tex. R. App. P. 41.2(c). 
I conclude that the question of jurisdiction presents an extraordinary
circumstance.  Id.  Jurisdiction is fundamental and cannot be
ignored.  State v. Roberts, 940
S.W.2d 655, 657 (Tex. Crim. App. 1996). 
Our jurisdiction must be legally invoked.  Ex parte Caldwell, 383 S.W.2d 587, 589
(Tex. Crim. App. 1964).  If not legally
invoked, our power to act is as absent as if it did not exist.  Id. 
When we lack jurisdiction to act, we have no power to dispose of the purported
appeal in any manner other than dismissal for lack of jurisdiction. Olivo v.
State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). 

However, in this case,
our jurisdiction is unequivocally established. 
By interdelineating "GRANTED" on the motion-for-new-trial
order and circling "DENIED," the trial court demonstrated its intent
to deny the motion.  The remaining
language in the order is surplusage and, thus, of no effect.  Further, the docket sheet contains an entry
dated November 19, 2001 stating in part, "Order for new trial denied and
signed."   Silguero timely filed an
appeal.  Prevailing below, the State need
and did not appeal.  

IV.  Conclusion








The issues in
Silguero's motion are important, but he has not demonstrated lack of this
Court's jurisdiction over his appeal. 
Therefore, respectfully, I concur with the decision to deny
consideration en banc.  Tex. R. App. P. 41.2(c), 49.7.

ERRLINDA CASTILLO

Justice

Do
not publish.

Tex. R. App. P. 47.2(b)

 

Concurring Memorandum Opinion delivered 

and filed this 20th day of April, 2006.