

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

February 9, 2006

The Honorable Eddie Arredondo
Burnet County Attorney
Burnet County Courthouse
220 South Pierce
Burnet, Texas 78611

Opinion No. GA-0396

Re: Whether the state may continue to collect fines and court costs where no motion to adjudicate has been filed and the term of deferred adjudication has expired (RQ-0376-GA)

Dear Mr. Arredondo:

You seek our opinion regarding whether the "state [can] properly pursue a defendant with a *capias pro fine*[1] if the term of deferred adjudication has expired and no *motion to adjudicate* has been filed."[2] You inform us that Burnet County uses a collections office to collect fines and court costs and that the collections office has "discovered expired deferred adjudications with outstanding court costs and fines." Request Letter, *supra* note 2, at 1. Pointing to section 42.12 of the Code of Criminal Procedure, which provides that "[o]n expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall *dismiss* the proceedings against the defendant and *discharge* him," you ask us to consider whether the words "dismiss" and "discharge" mean an absolute bar or a partial bar to further pursuit of the defendant.[3] *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (Vernon Supp. 2005)).

---

[1]"A 'capias' is a writ issued by the court or clerk, and directed 'To any peace officer in the State of Texas,' commanding him to arrest a person accused of an offense and bring him before the court immediately, or on a day or at a term stated in the writ." TEX. CODE CRIM. PROC. ANN. art. 23.01 (Vernon 1989). A *capias pro fine* is a "writ for the arrest of a person who had not paid an imposed fine." Tex. Att'y Gen. Op. No. GA-0332 (2005) at 2, fn.3 (citing BLACK'S LAW DICTIONARY 200 (7th ed. 1999)).

[2]Request Letter from Honorable Eddie Arredondo, Burnet County Attorney, to Honorable Greg Abbott, Attorney General of Texas (received Aug. 15, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[3]For purposes of this opinion, we assume that a judge has dismissed the proceedings and discharged the defendant. You do not ask and we do not opine about any continuing jurisdiction of the court where the community supervision period has expired but the judge has not affirmatively dismissed the proceedings and discharged the defendant.

Article 42.12, Code of Criminal Procedure, is the state's community supervision, or probation, statute.[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon 1979 & Supp. 2005). Among other types of community supervision, article 42.12 provides for "regular" community supervision, either judge-ordered or jury-recommended, *see id.* art. 42.12, §§ 3, 4, and for "deferred adjudication" community supervision ordered by the judge. *See id.* art. 42.12, § 5. In regular community supervision, the defendant is found guilty and punishment is assessed but the imposition of the sentence is suspended while the defendant is under community supervision. *See id.* art. 42.12, §§ 3(a), 4(a). By contrast, in deferred adjudication community supervision the defendant is placed under community supervision without an adjudication of guilt. *See id.* art. 42.12, § 5(a). Community supervision of all types involves a community supervision period, *see id.* art. 42.12, §§ 3(b)-(d), 4(b)-(c), 5(a), during which the defendant is subject to conditions on behavior and activities.[5] *See id.* art. 42.12, § 11. In the event a defendant violates a term of deferred adjudication community supervision, the defendant may be arrested and brought before the court for a hearing to determine whether to proceed with an adjudication of guilt on the original charge. *See id.* art. 42.12, § 5(b), (h). However, on the expiration of the community supervision period "if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him." *Id.* art. 42.12, § 5(c). It is this last provision you ask us to construe.

We understand you to ask whether the language "*dismiss* the proceedings against the defendant and *discharge* him" deprives the court of continuing jurisdiction over the defendant. *See* Request Letter, *supra* note 2, at 1. This office, like Texas courts, is obliged to give effect to legislative intent. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). To ascertain such intent, we first look to the plain and common meaning of the statute's words. *See id.* "If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning." *Id.* "When the purpose of a legislative enactment is obvious from the language of the law itself, there is nothing left" to construe. *Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 866 (Tex. 1999).

The terms "dismiss" and "discharge" are not directly defined in a statute or by a court. In the context of legal proceedings in which article 42.12 is to be considered, the term "dismissal" is defined as the "termination of an action or claim without further hearing." BLACK'S LAW DICTIONARY 482 (7th ed. 1999). The term "discharge" means the "dismissal of a case." *Id.* at 475. We find nothing in article 42.12 to suggest that these terms mean anything other than the termination of the deferred proceedings against the defendant. Thus, we construe "dismiss the proceedings against the defendant and discharge him" to mean the dismissal of the charging instrument[6] and the

---

[4]"The terms 'community supervision' and 'probation' share the same meaning and are generally used interchangeably." *Prevato v. State*, 77 S.W.3d 317, 317 n.1 (Tex. App.–Houston [14th Dist.] 2002, no pet.).

[5]Because you inquire about outstanding fines and court costs, we assume in this opinion that in each case the payment of the fines and court costs was properly made a condition of the community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 19 (Vernon Supp. 2005).

[6]"The primary pleading in a criminal action on the part of the state is the indictment or information." TEX. CODE CRIM. PROC. ANN. art. 27.01 (Vernon 1989).

termination of the underlying criminal action for which community supervision was granted. *See Tex. Dept. of Pub. Safety v. Tune*, 977 S.W.2d 650, 652 (Tex. App.–Fort Worth 1998) (stating with regard to regular probation the "dismissal of the indictment and the resultant set aside of the conviction are functions a court must carry out upon the decision to release someone from community supervision"), *aff'd*, 23 S.W.3d 358 (2000).

A court does not have personal jurisdiction over a defendant once it has dismissed the proceedings and discharged the defendant under article 42.12, section 5(c). A court is vested with personal jurisdiction over a criminal defendant only upon the presentment of a charging instrument – either an indictment or an information. *See* TEX. CONST. art. V, § 12 ("The presentment of an indictment or information to a court invests the court with jurisdiction of the cause."); *see also Nam Hoai Le v. State*, 963 S.W.2d 838, 843 (Tex. App.–Corpus Christi 1998, pet. ref'd); *Miller v. State*, 909 S.W.2d 586, 592 (Tex. App.–Austin 1995, no writ). Dismissal of an indictment or information is a jurisdictional matter. *See Smith v. State*, 801 S.W.2d 629, 631 (Tex. App.–Dallas 1991, no writ) (reciting well established rule that when a "trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss an indictment or information, the accused is discharged"); *see also Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980) ("[I]t is well settled that a valid indictment, or information . . . , is essential to the district court's jurisdiction in a criminal case."). A judge who dismisses the charging instrument pursuant to article 42.12, section 5(c) divests the court of personal jurisdiction over the defendant. Where there is no jurisdiction, "'the power of the court to act is as absent as if it did not exist.'" *Garcia*, 596 S.W.2d at 528 (quoting *Ex Parte Caldwell*, 383 S.W.2d 587 (1964)). When the judge dismisses the proceedings against the defendant and discharges him, the court no longer has personal jurisdiction over the defendant and, therefore, no longer has authority pursuant to article 42.12 to issue a *capias pro fine*.[7] *See Smith*, 801 S.W.2d at 631 ("When there is no jurisdiction, a court has no power to act, and any action taken in the absence of jurisdiction is void."). Thus, we conclude that the phrase *"dismiss* the proceedings against the defendant and *discharge* him" is an absolute bar to the further pursuit under article 42.12 of past due fines and court costs.

In limited circumstances, a court nonetheless has continuing jurisdiction over a defendant beyond the community supervision period. "A court retains jurisdiction to hold a hearing . . . and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(h) (Vernon Supp. 2005); *see also Peacock v. State*, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002) (considering revocation of regular community supervision); *In re A.N.A.*, 141 S.W.3d 765, 766 (Tex. App.–Texarkana 2004, no pet.); *Roberson v. State*, 688 S.W.2d 657, 658 (Tex. App.–Eastland 1985, no writ) (considering deferred adjudication community supervision). This limited grant of continuing jurisdiction is the exclusive authority with

---

[7]During the period of community supervision, the court may unilaterally alter the terms and conditions of the community supervision. *See Flournoy v. State*, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979). And in the event the defendant violates the terms and conditions of community supervision such as by not paying fines and court costs, the court has jurisdiction to issue a *capias pro fine* upon the filing of a motion to adjudicate within the community supervision period. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2005).

which a court is vested over a defendant once the deferred adjudication community supervision period has expired, and it arises only when both a motion to adjudicate is filed and a *capias* is issued before the expiration of the community supervision period. Moreover, this grant of continuing jurisdiction is for the sole purpose of holding a hearing to determine whether to proceed with an adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(h) (Vernon Supp. 2005). By its plain terms, section 5(h) does not grant jurisdiction for the issuance of a *capias pro fine* to pursue past due fines and court costs once the community supervision period has expired. "Texas courts do not have inherent power to grant probation," *Busby v. State*, 984 S.W.2d 627, 628 (Tex. Crim. App. 1998), and a "court has only the power granted to it by the code in dealing with probation." *Arrieta v. State*, 719 S.W.2d 393, 395 (Tex. App.–Fort Worth 1986, writ ref'd); *see also Busby*, 984 S.W.2d at 629 ("Be it authorized by Article III, § 1 or by Article IV, § 11A [of the Texas Constitution], the granting of probation is completely subject to legislative regulation."). Because a Texas court has only the power to grant probation that is given it in legislation and because article 42.12, section 5(h) vests continuing jurisdiction in the court only where a motion to adjudicate has been filed and a *capias* issued prior to the expiration of the community supervision period, we conclude that where no motion to adjudicate has been filed prior to the expiration of the period, the state may not pursue a defendant for past due fines and court costs with a *capias pro fine*.[8]

---

[8]This conclusion is consistent with prior opinions from this office. In Opinion JM-165 this office considered language identical to that in article 42.12, section 5(c) and concluded that a defendant whose adjudication was deferred under article 42.13 (misdemeanor community supervision) could not be compelled to pay a fine after the period of probation had expired. *See* Tex. Att'y Gen. Op. No. JM-165 at 2 (1984) (former article 42.13 is now incorporated into article 42.12, section 7). In 1998, this office concluded that "The failure to timely file the motion and issue the capias deprives the court of jurisdiction, and jurisdictional matters may not be waived." Tex. Att'y Gen. Op. LO-98-069 at 2.

## S U M M A R Y

Article 42.12, section 5(h) of the Code of Criminal Procedure authorizes a criminal court to exercise continuing jurisdiction over a defendant after the expiration of the community supervision period only in limited circumstances. Where no motion to adjudicate has been filed prior to the expiration of the community supervision period, article 42.12 does not authorize the state to pursue a defendant for past due fines and court costs with a *capias pro fine*.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee