

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00276-CR

CHADWICK JERAMINE PARKS                          APPELLANT

V.

THE STATE OF TEXAS                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Chadwick Jeramine Parks attempts to appeal his conviction for possession of less than two ounces of marihuana. We have no jurisdiction to entertain an appeal, however, because Mr. Parks has filed no timely written notice of appeal in compliance with the rules. Texas Rule of Appellate Procedure 25.2(b), in pertinent part, provides that, "In a criminal case, appeal is perfected by timely

---

[1]See Tex. R. App. P. 47.4.

filing a sufficient notice of appeal." Tex. R. App. P. 25.2(b). Rule 26.2(a) provides that notice is timely if filed "(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2) within 90 days after the day sentenced is imposed or suspended in open court if the defendant timely files a motion for new trial." Tex. R. App. 26.2(a).

The record shows that Mr. Parks did not file a motion for new trial or a written notice of appeal but that he gave a verbal notice of appeal in the trial court. Unfortunately, however, by doing so, he failed to invoke our jurisdiction to hear his appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Where we are without jurisdiction, we are without power to act. *See Olivo*, 918 S.W.2d at 523; *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964) (op. on reh'g) ("Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as if it did not exist.").

We sent notice to Mr. Parks expressing our concern that we lacked jurisdiction over this appeal and advising him that the appeal would be dismissed unless he or any party timely sent us a reply stating the grounds for continuing the appeal. Mr. Parks timely responded, but his response does not provide any grounds for continuing this appeal.

Consequently, we may take no action other than to dismiss it. *See Slaton*, 981 S.W.2d at 210 (reasoning that if an appeal is not timely perfected, a court of

appeals has no jurisdiction to address the merits and can take no action other than to dismiss it).  Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. 26.2(a); 43.2(f); *Olivo*, 918 S.W.3d at 522–23; *Martinez v. State*, No. 02–13–00045–CR, 2013 WL 978808, at *1 (Tex. App—Fort Worth Mar. 14, 2013, no pet.) (mem. op., not designated for publication).

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 24, 2013