**Denied and Opinion Filed December 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01421-CV

## IN RE FRANKIE L. HOGG-BEY, Relator

**Original Proceeding from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F-0255075-I**

# MEMORANDUM OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Myers

Over a decade ago, a jury convicted relator Frankie Lee Hogg-Bey of aggravated robbery of an elderly person and assessed punishment, enhanced by two prior felony convictions, at forty-three years in prison. *See Hogg v. State*, No. 05-03-01600-CR, 2004 WL 1068154, at *1 (Tex. App.—Dallas May 13, 2004, pet. ref'd) (mem. op., not designated for publication). In this petition for writ of mandamus, relator now requests that the Court order the trial court to rule on his Motion for Subpoena Duces Tecum by which he hopes to obtain records including surveillance tapes and the desk log from Texas Health Presbyterian Hospital Dallas so that he can determine whether one of the State's witnesses in his criminal trial was in the hospital from October 7–10, 2003. The mandamus record demonstrates that relator filed his motion seeking to subpoena the records in March 2014 and has sought the trial court's ruling on the motion on several instances since that date. The trial court has not acted on the motion.

Mandamus relief is appropriate in a criminal case only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding). We conclude relator has not established that the trial court has failed to perform a ministerial act by failing to rule on his motion for subpoena.

To demonstrate that the trial court has failed to perform a ministerial act, a relator must show that he has a clear right to the relief sought. *Id.* "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding) (citing *Bowen v. Carnes,* 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding)). The act requested must be "positively commanded and so plainly prescribed under the law as to be free from doubt." *In re Allen*, 462 S.W.3d at 50. Here, the relief the relator seeks from this Court is an order compelling the trial court to rule on his motion. For that reason we do not address the merits of his request for a subpoena. Whether to grant or deny a motion is generally a question for the trial court to determine in the first instance. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 n.3 (Tex. Crim. App. 2003) (orig. proceeding).

A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *Young*, 236 S.W.3d at 210. But a court may act only if permitted to do so by constitutional provision, statute, or common law, or if the power to take the action arises from an inherent or implied power vested in the court. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991). The attachment of jurisdiction "conveys upon that court the power to

determine all essential questions 'and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law.'" *Garcia v. Dial*, 596 S.W.2d 524, 527–28 (Tex. Crim. App. 1980) (orig. proceeding) (citations omitted). "[T] hat jurisdiction embraces everything in the case and every question arising which can be determined in the case, until it reaches its termination and the jurisdiction is thereby exhausted." *Id.* at 528. As a corollary, once a trial court's jurisdiction is exhausted, "it is . . . axiomatic that 'the power of the court to act is as absent as if it did not exist.'" *Id.* (quoting *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964) (orig. proceeding)).

Upon expiration of its plenary jurisdiction, the trial court, of course, retains the power and the duty to address motions raising collateral post-conviction matters committed to it by statute or relevant procedural rule. *See State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (consolidated appeal and orig. proceeding) (plurality opinion). As the court of criminal appeals explained:

> When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court. The trial court has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute, such as finding facts in a habeas corpus setting, or as in this case, determining entitlement to DNA testing.

*Patrick*, 86 S.W.3d at 594 (footnotes omitted).

In this case, the trial court's general jurisdiction over relator's underlying criminal case expired long ago, and relator's motion for subpoena was filed well after the trial court lost general jurisdiction over the case. The mandamus record does not demonstrate the existence of a pending petition for writ of habeas corpus, motion for forensic DNA testing, motion for judgment nunc pro tunc, or any other pending matter that would vest special jurisdiction in the trial court to consider relator's motion for subpoena. Absent general or special jurisdiction, the trial court lacks the authority to grant the motion.

The preferred and better practice, of course, is for a trial court to advise a party when the court determines it lacks authority to take action on a motion. *In re Blanton*, No. 05-15-01412-CV, 2015 WL 9257033, at *1 (Tex. App.—Dallas Dec. 11, 2015, orig. proceeding). We ourselves follow this practice, but the trial court has not done so in this case. We cannot conclude that the trial court has a positive duty "so plainly prescribed under the law as to be free from doubt" to advise a movant that it lacks authority to take any action on his motion. For that reason, relator has failed to establish a right to mandamus relief.

We deny the petition.

/Lana Myers/
LANA MYERS
JUSTICE

151421F.P05

—4—