

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00115-CR

**LAWRENCE WOODS,**

**Appellant**

 **v.**

**THE UNITED STATES OF AMERICA,**

**Appellee**

**U.S. District Court
Western District of Texas
Trial Court No. W-15-CR-032[1]**

## CORRECTED  MEMORANDUM  OPINION

In this interlocutory appeal, appellant, Lawrence Woods, challenges a ruling of

United States District Judge Walter Smith for the Western District of Texas, Waco

---

[1] We withdraw our opinion and judgment issued on April 21, 2016, to make clerical, non-dispositive changes to the heading and substitute this opinion in its place.

Division.  Because we lack jurisdiction over a ruling made by a federal district court, we dismiss appellant's appeal.[2]

Jurisdiction is fundamental and cannot be ignored.  *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996).  Our jurisdiction must be legally invoked.  *Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi 2003, no pet.) (citing *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964)).  If not legally invoked, our power to act is as if it did not exist.  *Id.* (citing *Ex parte Caldwell*, 383 S.W.2d at 589).  When we lack jurisdiction to act, we have no power to dispose of the purported appeal in any manner other than dismissal for lack of jurisdiction.  *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

Article 4.03 of the Code of Criminal Procedure provides:  "The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed."  TEX. CODE CRIM. PROC. ANN. art. 4.03 (West 2015); *see* TEX. CONST. art. V, § 6(a).  The Tenth Court of Appeals District "is composed of the counties of Bosque, Burleson, Brazos, Coryell, Ellis, Falls, Freestone, Hamilton, Hill, Johnson, Leon, Limestone, Madison, McLennan, Navarro, Robertson, Somervell, and Walker."  TEX. GOV'T CODE ANN. § 22.201(k) (West

---

[2] A motion for rehearing may be filed within fifteen days after the judgment or order of this Court is rendered.  TEX. R. APP. P. 49.1.  If the appellant desires to have the decision of this Court reviewed by the Court of Criminal Appeals, a petition for discretionary review must be filed in the Court of Criminal Appeals within thirty days after either the day of the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.  *See id.* at R. 68.2(a).

Supp. 2015).  This Court is not vested with appellate jurisdiction over rulings from federal district courts.  *See id.*; *see also* TEX. CONST. art. V, § 6(a); TEX. CRIM. PROC. ANN. art. 4.03.

Therefore, because appellant improperly seeks to challenge a ruling made by a federal court in a state intermediate appellate court, we hereby dismiss appellant's conviction for lack of jurisdiction.  *See* TEX. CODE CRIM. PROC. ANN. art. 4.03; *see also* TEX. CONST. art. V, § 6(a).

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed May 5, 2016
Do not publish
[CR25]

