**Dismissed and Opinion Filed December 11, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01383-CR

**ISRAEL CORONEL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0960181-T**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Myers, and Justice Brown
Opinion by Chief Justice Wright

Israel Coronel was charged with aggravated sexual assault of a child younger than fourteen years of age. After finding appellant guilty, the jury assessed punishment at fifty years in prison. He filed an appeal with this Court, and we affirmed his conviction. *Coronel v. State*, 416 S.W.3d 550 (Tex. App.—Dallas 2013, pet. denied). The Texas Court of Criminal Appeals denied appellant's petition for discretionary review in December 2013, and our mandate issued on January 27, 2014.

On December 1, 2017, appellant filed a "Motion for New Trial Punishment Phase Only" in this Court along with a request for a court-appointed attorney. In his motion, appellant contends we have jurisdiction to grant him a new trial as to punishment under article 44.29(b), (c) of the code of criminal procedure and rule 21.9 of the rules of appellate procedure.

Rule 21 of the Texas Rules of Appellate Procedure provides the guidelines for filing a motion for new trial in a criminal case. TEX. R. APP. P. 21. Under rule 21.4(a), a defendant may "file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4. The defendant must file the motion in the trial court, and it is the trial court that rules on the motion. See TEX. R. APP. P. 21.6, 21.8, 21.9. The deadlines set out in rule 21 have jurisdictional significance; a motion for new trial is a purely statutory remedy, and the movant must strictly adhere to the terms of the statute to take advantage of this remedy. *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987). "When jurisdiction with respect to a particular matter is derived wholly from statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects, and the court in exercising its particular authority is a court of limited jurisdiction." *Id.* Jurisdiction cannot be "substantially" invoked; it either attaches or it does not. *Ex parte Kirby*, 626 S.W.2d 533, 534 (Tex. Crim. App. 1981). If there is no jurisdiction, "the power of the court to act is as absent as if it did not exist." *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964).

In this case, the trial court imposed judgment on March 26, 2012. Although appellant had until April 25, 2012 to file a motion for new trial in the trial court, he filed his motion for new trial on December 1, 2017 in this Court. His motion is untimely and filed in the wrong court. As a result, it fails to invoke our jurisdiction.

To the extent appellant intended to file a post-conviction writ of habeas corpus, we have no jurisdiction in post-conviction habeas corpus proceedings brought under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *Id*. at 718.

We dismiss this appeal for lack of jurisdiction.

/Carolyn Wright/

CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
171383F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ISRAEL CORONEL, Appellant

No. 05-17-01383-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-60181-T.
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

     Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered December 11, 2017.