

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00079-CR

**BOSHUNELL CHARLESTON SHORTS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 282nd District Court
Dallas County, Texas
Trial Court No. F12-60182

## MEMORANDUM OPINION

In this appeal, appellant, Boshunell Charleston Shorts, appears to challenge his

conviction from the 282nd Judicial District Court in Dallas County, Texas, arguing that

his guilty plea was unknowing and involuntary due to his alleged incompetency.[1]

---

[1] Appellant's notice of appeal contains several deficiencies. *See* TEX. R. APP. P. 25.2(d). However, because of our disposition and to expedite this decision, we will implement Texas Rule of Appellate Procedure 2 and suspend Rule 25.2(d). *See id.* at R. 2.

Because we lack jurisdiction over a judgment originating from a county outside our district, we dismiss appellant's appeal.[2]

Jurisdiction is fundamental and cannot be ignored. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996). Our jurisdiction must be legally invoked. *Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi 2003, no pet.) (citing *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964)). If not legally invoked, our power to act is as if it did not exist. *Id.* (citing *Ex parte Caldwell*, 383 S.W.2d at 589). When we lack jurisdiction to act, we have no power to dispose of the purported appeal in any manner other than dismissal for lack of jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

Article 4.03 of the Code of Criminal Procedure provides: "The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed." TEX. CODE CRIM. PROC. ANN. art. 4.03 (West 2015); *see* TEX. CONST. art. V, § 6(a). The Tenth Court of Appeals District "is composed of the counties of Bosque, Burleson, Brazos, Coryell, Ellis, Falls, Freestone, Hamilton, Hill, Johnson, Leon, Limestone, Madison, McLennan, Navarro, Robertson, Somervell, and Walker." TEX. GOV'T CODE ANN. § 22.201(k) (West

---

[2] A motion for rehearing may be filed within fifteen days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Court of Criminal Appeals, a petition for discretionary review must be filed in the Court of Criminal Appeals within thirty days after either the day of the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See id.* at R. 68.2(a).

Supp. 2018). This Court is not vested with appellate jurisdiction over rulings from Dallas County. *See id.*; *see also* TEX. CONST. art. V, § 6(a); TEX. CRIM. PROC. ANN. art. 4.03. Accordingly, we hereby dismiss appellant's appeal for lack of jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 4.03; *see also* TEX. CONST. art. V, § 6(a).

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Appeal dismissed
Opinion delivered and filed March 6, 2019
Do not publish
[CR25]

