# NO. 12-20-00018-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES AARON WEAVER,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

James Aaron Weaver, acting pro se, filed a notice of appeal from an order denying his motion seeking relief from court appointed attorney's fees and costs pursuant to Articles 1.051, 26.04, and 26.05 of the code of criminal procedure, the Fourteenth Amendment to the United States Constitution, and Article II, Section 1 of the Texas Constitution.[1] The trial court denied the motion on December 10, 2019 and Appellant filed his notice of appeal on January 21, 2020.[2]

On January 22, the Clerk of this Court notified Appellant that the notice of appeal does not show the jurisdiction of this Court. Specifically, there is no final judgment or appealable order contained therewith or the order being appealed is not an appealable order. The notice further informed Appellant that the appeal would be dismissed unless the notice of appeal was amended on or before February 21 to show this Court's jurisdiction. In response, Appellant states that under

---

[1] *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051 (West Supp. 2019) (right to representation by counsel), 26.04 (procedures for appointing counsel), 26.05 (compensation of counsel appointed to defend); *see also* U.S. CONST. amend. XIV (due process); TEX. CONST. art. II, § 1 (division of powers).

[2] Appellant's notice of appeal was untimely, having been filed more than thirty days after the order's entry, and he did not file a motion with the trial court that would extend the deadline or file a motion for extension with this Court; nor may an extension be implied. *See* TEX. R. APP. P. 26.2(a)(1); *see also* TEX. R. APP. P. 26.3; ***Lair v. State***, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Texas Rule of Appellate Procedure 27.2, the order denying his motion for relief is a final judgment and he asks this Court to review his appeal in the interest of justice.[3]

In criminal cases, an appellate court has jurisdiction only from a final judgment of conviction or where expressly granted by law. *See **Abbott v. State***, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also **Young v. State***, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication); ***McIntosh v. State***, 110 S.W.3d 51, 52 (Tex. App.–Waco 2002, no pet.). We have not located any rule or statutory or constitutional provision that would authorize Appellant's appeal from the trial court's denial of his motion for relief from attorney's fees and costs.[4] *See **Creag v. State***, No. 12-17-00270-CR, 2017 WL 4322122, at *1 (Tex. App.—Tyler Sept. 29, 2017, no pet.) (mem. op., not designated for publication) (order denying motion to correct bill of costs not appealable order); *see also **Reece v. State***, No. 06–16–00050–CR, 2016 WL 9175799, at *1 (Tex. App.–Texarkana May 27, 2016, no pet.) (mem. op., not designated for publication) (order denying motion for removal of court costs not appealable order); ***Kalluvilayil v. State***, No. 05-15-01140-CR, 2015 WL 6671915, at *1 (Tex. App.—Dallas Nov. 2, 2015, pet. ref'd) (mem. op., not designated for publication) (order denying motion to waive fine and court costs not a judgment of conviction or otherwise appealable order). We decline Appellant's invitation to exercise jurisdiction in the interest of justice. *See **Ex parte Caldwell***, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964) ("Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as if it did not exist"); *see also **Diaz v. State***, No. 02-17-0003-CR, 2018 WL 359958, at *2 (Tex. App.—Fort Worth Jan. 11, 2018, no pet.) (mem. op., not designated for publication) (if jurisdiction not legally invoked, appellate court has no power to dispose of purported appeal in any manner other than dismissal for want of jurisdiction).

Because the order appealed from is not an appealable order over which this Court may exercise appellate jurisdiction, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See* TEX. R. APP. P. 43.2(f).

---

[3] *See* TEX. R. APP. P. 27.1(b) (in criminal cases, prematurely filed notice of appeal is effective and deemed filed on same day, but after, sentence is imposed or suspended in open court, or appealable order is signed by trial court).

[4] *See **Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (attorney's fees are akin to court costs and same rules applies to both).

Opinion delivered February 28, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2020**

**NO. 12-20-00018-CR**

**JAMES AARON WEAVER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-16-32695)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*